IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HARTMUT GRAEWE,**

    **Petitioner,**

    v.                                      CASE NO. 18-3306-JWL

**NICOLE ENGLISH, Warden,**
**USP-Leavenworth,**

    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is incarcerated with the Federal Bureau of Prisons ("BOP") at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Petitioner challenges the calculation of his federal sentence. The Court finds that the petition is subject to dismissal as successive under 28 U.S.C. § 2244(a).

**I. Facts**

On April 7, 1983, the Honorable Judge Manos of the Northern District of Ohio sentenced Petitioner on the following guilty verdicts: Count 1 – Conspiring with Others in Conducting an Enterprise of Racketeer Influenced and Corrupt Organizations, in violation of 18 U.S.C. § 1961 and § 1962(d); Count 2 – Operating a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848; Counts 3 through 21 – Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a) and § 2; Count 35 – Possessing and Aiding and Abetting in the Possession of, with Intent to Distribute, a Schedule II Controlled Substance, to-wit, cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Counts 40 through 48, 50, 51, 53, 54, 55, 57 and 58 – Use of Telephone to Facilitate Distribution of Schedule I Controlled Substance, to-wit, marihuana, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. (Doc. 1–1, at 1–2, and Doc. 3–

1, at 10–11) (Judgment and Commitment Order for Case No. CR82-119). Petitioner was sentenced as follows:

> Twenty (20) years on Count 1, to run consecutively to all other Counts, except Count 2; to run concurrently with Count 2.
>
> Life Imprisonment on Count 2.
>
> Five (5) years on each of Counts 3 through 21, to run consecutively to each other, but concurrently with Count 2.
>
> Fifteen (15) years on Count 35, to run consecutively to sentences imposed on Counts 1, 3 through 21, 40 through 48, 50, 51, 53, 54, 55, 57 and 58, but concurrently with Count 2, and three (3) years Special Parole Term.
>
> Four (4) years on each of Counts 40 through 48, 50, 51, 53, 54, 55, 57 and 58, to run consecutively to each other, but concurrently with Count 2.

*Id*.

In 1985, Petitioner was transferred to the U.S. Penitentiary, Marion, Illinois, and was subsequently advised by staff that his conviction imposed pursuant to 21 U.S.C. § 848 (1976) resulted in a life sentence that is not eligible for parole. Petitioner alleges that the BOP illegally converted his 10 year to life sentence with the possibility of parole, into a life sentence without the possibility of parole. Petitioner filed the instant Petition under § 2241, asking this Court to find that his substantive and procedural due process rights were violated, and to direct the BOP to commence mandatory parole pursuant to 28 C.F.R. § 2.53(A) (1976).

Petitioner alleges that the sentence on Count 2 was imposed pursuant to 21 U.S.C. § 848 (1976), arguing that parole-eligible convictions under that statute were subject to the promulgated regulations encoded at 28 C.F.R. §§ 2.53, 2.56, and 2.57 (1976). He argues that the sentence on Count 2 consisted of a sentence of 10 years to life with the possibility of parole after service of the 10-year mandatory minimum. Petitioner points to the statement by the sentencing judge that his sentence on Count 35 included a special three-year parole term. Petitioner alleges that all other sentences that were imposed on that date have expired as they ran concurrently with Count 2, thus entitling him to mandatory parole.

## II. Discussion

### 1. Exhaustion

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. Respondent acknowledges that Petitioner has exhausted his administrative remedies with respect to the issues presented in his Petition. (Doc. 3, at 3.)

### 2. Standard of Review

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In addition, although a § 2241 petitioner is not required to obtain circuit authorization before filing a subsequent § 2241 petition in federal court, "his right to have his claims heard by that court [is] limited by both the bar erected in 2244(a) and the relevant case law." *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). Section 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention

> of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Before the enactment of § 2244, "the Supreme Court developed several principles limiting the review of second or subsequent habeas petitions" and "[t]hese principles underlie the statutory bar in § 2244(a)." *Stanko*, 617 F.3d at 1269 (citing *McCleskey v. Zant*, 499 U.S. 467, 479–88 (1991) (discussing development of principles)).

One such principle authorized a federal court to decline consideration of a habeas petition if the claim presented had previously been raised and adjudicated in an earlier habeas proceeding, "unless the court determined that hearing the claim would serve the ends of justice." *Stanko*, 617 F.3d at 1269 (noting that when Congress enacted § 2244 it codified this principle) (citing *McCleskey*, 499 U.S. at 480–82). The "ends-of-justice" exception is limited in scope and affords relief only when there is "a colorable showing of factual innocence." *Hall v. Daniels*, 545 F. App'x 754, 755 (10th Cir. 2013) (unpublished) (citing *McCleskey*, 499 U.S. at 495) (internal quotation marks omitted).

Another principle—abuse of the writ—authorized a court to decline a subsequent habeas petition raising a claim that could have been presented in an earlier petition but was not. *Stanko*, 617 F.3d at 1269 (citing *McCleskey*, 499 U.S. 482–89). The Tenth Circuit in *Stanko* found that it is likely that Congress intended to bring § 2244(a)'s bar in line with claims historically barred as an abuse of the writ. *Id*. at 1270. Under the abuse of the writ doctrine, a petitioner must show that his failure to bring a claim in a previous petition "was not the result of inexcusable neglect in order to proceed on the new claim." *Id*. (citing *McCleskey*, 499 U.S. at 489). Standards governing procedural default determinations will govern determinations of inexcusable neglect—"the petitioner must establish cause for his failure to raise the claim in an earlier

proceeding and resulting prejudice, . . . or, in the absence of cause, the petitioner must show that 'a fundamental miscarriage of justice would result from a failure to entertain the claim.'" *Id*. at 1271 (citations omitted).

   **3. Section 2244(a) Bar**

The Court finds that the Petition is barred by § 2244(a) because it is successive to prior habeas petitions filed by Petitioner on the same grounds. *See Lee v. Maye*, 667 F. App'x 297, 297 (10th Cir. 2016) (affirming dismissal of § 2241 claim where claim was duplicative with one previously asserted and dismissed) (unpublished); *Sims v. Chester*, 446 F. App'x 128, 129 (10th Cir. 2011) (stating that "the provisions of § 2241 are subject to § 2244(a) and 'the traditional doctrines governing successive and abusive writs inform our application of that subsection's bar'") (unpublished) (citing *Stanko*, 617 F.3d at 1272). The courts addressing Petitioner's prior petitions reviewed Petitioner's claims and rejected them on the merits. Although Petitioner had the opportunity to reply by filing a Traverse (Doc. 4), he offers no argument suggesting that the ends of justice would require this Court to again review the merits of his claims.

Petitioner's claim that the BOP improperly determined that he is not eligible for parole was already addressed on the merits in 2013, by the United States District Court for the Northern District of West Virginia, and affirmed by the United States Court of Appeals for the Fourth Circuit. *See Graewe v. O'Brien*, No. 1:12CV103, 2013 WL 676273 (N.D. W. Va. Feb. 25, 2013), *aff'd*, 538 F. App'x 324 (4th Cir. 2013). The District Court adopted the Magistrate Judge's Report and Recommendation and denied Petitioner's § 2241 petition, stating:

> At the time of Graewe's conviction, 21 U.S.C. § 848(c) provided that "[i]n the case of any sentence imposed under this section . . . section 4202 of Title 18 . . . shall not apply." When this statute was originally enacted in 1970, the cross-reference directed the reader to 18 U.S.C. § 4202, the general parole eligibility statute. Congress, however, repealed Section 4202 on March 15, 1976, and

5

> replaced it with a provision that provided for the creation of parole commissions. *See Parole Commission and Reorganization Act*, Pub.L. 94–233, 90 Stat. 219 (1976), *codified at* 18 U.S.C. §§ 4201–4218 (repealed Nov. 1, 1987). At the same time, it recodified and incorporated former Section 4202 into 18 U.S.C. § 4205. *Id*. Nevertheless, as Graewe points out, Congress did not enact a corresponding change to the cross-reference in 21 U.S.C. § 848(c).
>
> Graewe contends that Section 848(c)'s cross-reference to Section 4202, as it was not updated subsequent to the statutory reshuffling in 1976, "had nothing whatsoever to do with parole eligibility" when he was convicted in 1983. (Dkt. No. 30 at 5). Every court to address this issue, however, has found that individuals who violated 21 U.S.C. § 848 prior to November 1, 1987 committed a non-parolable offense. *See United States v. Bello*, 767 F.2d 1065, 1066–67 (4th Cir. 1985) (citing the relevant version of Section 848(c) and noting that "[b]y statute, no parole is available on a sentence imposed for engaging in a continuing criminal enterprise"); *see also Gallardo v. Quinlan*, 874 F.2d 186, 187–88 (3d Cir. 1989) (explaining that individuals who violated § 848 prior to November 1, 1987, committed a non-parolable offense); *United States v. Valenzuela*, 646 F.2d 352, 354 (9th Cir. 1980) ("Congress clearly intended to make parole unavailable to those who violated section 848. There is no indication that Congress intended to change this penalty when it re-enacted the parole statutes."). Again, then, the petitioner's arguments stand contrary to established law.

2013 WL 676273, at *2-3 (footnotes omitted). The court also rejected Petitioner's contention that 21 U.S.C. § 848(c) is inapplicable to him, because that subsection was not cited in his indictment or judgment order, as well as his contention that the fact that his concurrent sentence for Count 35 included a special-parole term, indicates that his sentence as a whole was meant to be parole eligible. *Id*. (finding that the fact that Petitioner received a "special parole term" for a separate charge does not alter the fact that he received a life sentence for his violation of 21 U.S.C. § 848, a statute which, by its terms, prohibits parole).

In 2015, Petitioner filed another § 2241 petition challenging the BOP's parole-eligibility determination, this time in the U.S. District Court for the Middle District of Pennsylvania. In the

Report and Recommendation ("R&R"), the Magistrate Judge recommended dismissal of the Petition citing to the District of West Virginia's previous rejection of Petitioner's claims, and noting that the Order issued by Petitioner's sentencing court in June 2015, was "not a material change to Graewe's sentence." *Graewe v. Spaulding*, No. 4:15-CV-02002, 2016 WL 7365210, at *3–4 (M.D. Pa. Sept. 7, 2016). In considering the 2015 Order from Petitioner's sentencing court, the Magistrate Judge noted that Petitioner had filed a "Motion to correct an Illegal Sentence," claiming the court had sentenced him to "life without the possibility of parole," and requesting that the court redact the "without possibility of parole" language from his sentence. *Id*. The United States responded in that matter by asserting that the words "without the possibility of parole" do not appear on the judgment and, therefore, contrary to Graewe's assertion, there is nothing to redact. *Id*. The Magistrate Judge found that the June 19, 2015 Order "does not show that the court considered whether an individual, such as Graewe, who violated § 848 prior to November 1, 1987, committed a non-parolable offense." *Id*. at *4.

The Magistrate Judge recommended dismissing the petition as successive, and the District Court adopted the Report and Recommendation and denied the petition. *Graewe v. Spaulding*, No. 4:15-CF-2002, 2016 WL 7324562 (M.D. Pa. Dec. 16, 2016), *aff'd sub nom. Graewe v. Warden Allenwood FCI*, 691 F. App'x 61, 61–62 (3d Cir. 2017). In affirming the decision, the Third Circuit noted that "Graewe previously challenged the BOP's determination that he was not eligible for parole before the U.S. District Court for the Northern District of West Virginia and the U.S. Court of Appeals for the Fourth Circuit" and "[t]he decision in those courts preclude him from raising the claim unless he can show that the 'ends of justice' would be served by reaching the merits of his claim." *Graewe v. Warden Allenwood FCI*, 691 F. App'x at 61–62. The Third Circuit found that Petitioner had not made such a showing and "his reliance

on a 2015 order from the sentencing court does not provide a basis for a successive habeas petition." *Id*.

In 2018, Petitioner filed a § 2255 motion again alleging that the BOP and U.S. Parole Commission had improperly determined that he was parole ineligible. *See Graewe v. United States*, No. 18-3706, 2018 WL 5618109, at *1 (6th Cir. Oct. 26, 2018). The Northern District of Ohio dismissed his motion as time-barred, and declined to issue a Certificate of Appealability. *Id*. Petitioner sought a Certificate of Appealability on the issue of parole eligibility with the Sixth Circuit Court of Appeals, which was denied on October 26, 2018. *Id.* The Sixth Circuit held that "Graewe's claim that he is being improperly denied parole is a challenge to the execution or manner of his sentence that must be brought in an action under §2241," and "Graewe, in fact, unsuccessfully raised his claim in two prior § 2241 actions that he filed in other jurisdictions." *Id*.

Petitioner's claims are not new and were thoroughly reviewed in prior habeas petitions. Since Petitioner's claims have already been fully evaluated and decided on the merits, the ends of justice do not require reconsideration of these claims.

**IT IS THEREFORE ORDERED BY THE COURT** that this petition for writ of habeas corpus is **dismissed**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 18th day of March, 2019.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**